85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ray SALES, Plaintiff-Appellant,
v.
Reginald WILKINSON, et al., Defendants-Appellees.
 No. 95-3792.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; HILLMAN, District Judge.*
 
 ORDER
 
 2
 Ray Sales, an Ohio prisoner represented by counsel, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sales sued the Director of the Ohio Department of Rehabilitation and Corrections, the Hospital Administrator at the Mansfield Correctional Institute (MANCI), a doctor at MANCI, a doctor at the Corrections Medical Center, a surgeon at the Ohio State University Hospital, the Medical Director at the Frazier Health Center, a pharmacist for MANCI, and a case manager at MANCI, claiming that the defendants violated his constitutional rights by failing to properly treat his lung tumor and related health problems, and by placing him in the security control unit after an altercation between Sales and his cellmate. Sales sought injunctive and monetary relief against the defendants in their official and individual capacities. The district court dismissed the complaint as frivolous on the grounds that the complaint did not set forth allegations to show deliberate indifference, but at most claimed negligence, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), and because prison policies permitted Sales's placement in security control prior to a hearing for investigation or because of an alleged rule infraction. This appeal followed.
 
 
 4
 Generally, the dismissal of a complaint as frivolous pursuant to 28 U.S.C. § 1915(d) is reviewed by this court for an abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). A complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) where a plaintiff has failed to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1199.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion when the court dismissed Sales's complaint as frivolous. Prison officials may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment as such indifference constitutes the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. However, mere negligence in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim. Id. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 6
 There were no facts alleged in Sales's complaint, even liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), which reasonably suggested the sort of "unnecessary and wanton infliction of pain" necessary to give rise to a valid Eight Amendment claim. Estelle, 429 U.S. at 105. Instead, the allegations at most amounted to a claim of negligence against the defendants. Because the complaint at most claimed negligence, Sales's claim had no basis in law. Accordingly, the district court did not abuse its discretion when the court dismissed the complaint as frivolous.
 
 
 7
 Sales does not raise his claim regarding his placement in security control on appeal; therefore, this claim is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 8
 Accordingly, the district court's order is affirmed.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation